If a bankrupt, between the date of his commission and his certificate of conformity, indorses a promissory note, he is liable to an action upon the note by the indorsee, whether the bankrupt borrowed it for his own accommodation or gave value for it, and whether the note became the property of his assignees or did not.

*It seems,* that a note which a bankrupt acquires between his commission and certificate, becomes the property of his assignees, unless it is lent to him as an accommodation.

## SPARHAWK and others *against* BROOME.

THIS was an action against the defendant as the indorser of two promissory notes, one dated the 5th of *February* 1803, for 1250 dollars, drawn by *Andrew Hadfeg & Co.* payable to the order of *Peter Lohra*, ninety days after date, and the other dated the 9th of *February* 1803, for 1250 dollars 50 cents, drawn by the same persons, and payable to the same order, and at the same time as the first. On the day of their date, both the notes were indorsed by *Lohra* and by the defendant, who at the time of his indorsement received value from his indorsee. A commission of bankruptcy under the act of Congress, was issued against the defendant on the 7th of *April* 1802, and his certificate of discharge was signed by the judge on the 4th of *March* 1803.

The cause was tried before *Yeates* J. at a *Nisi Prius* in *January* last, when it was agreed that a verdict should be entered for the plaintiffs for the sum in controversy, subject to the opinion of the Court, whether upon the above facts they were entitled to recover.

*N. Chauncey* and *Chauncey* for the plaintiffs: 1. The assignment of the notes must be taken to have been legal, and to have transferred the property as in a common case. 2. Whether legal or not, the defendant is liable upon his indorsement.

1. The objection is, that the defendant was an uncertificated bankrupt at the time of indorsing, and could have had no property in the notes. The answer is, that he might transfer the notes without having any property. He might have been the agent of the drawers, and if so, the property

did not vest in his assignees; *Cooper's Bank. Law* 331.; or they might have been lent to him as accommodation, and then his assignees took nothing. *Arden* v. *Watkins* (*a*), *Wallis* v. *Hardy*, (*b*). Every intendment must be made, in the absence of proof to the contrary, to support so just a demand. Even if the notes were the fruits of the defendant's own industry, acquired between the commission and certificate, his assignees were not entitled. The act says " if any " real or personal estate shall *descend, revert to,* or become " *vested*" in the bankrupt before the certificate, it shall be vested in the commissioners, and be assigned by them. 5 *U. S. Laws* 77. *sec.* 50. *Act of* 4*th April* 1800. The 13 *Eliz. c.* 7. *s.* 11., says if the bankrupt shall " at any time " after, *purchase*" any lands goods or chattels, or if they shall " *descend, revert,* or *by any means come* to him." The difference in the terms is striking, and shews that congress intended to include such only as came to the bankrupt by operation of law. Even in *England* the assignees are not entitled to money acquired by the personal labour of the bankrupt; *Chippindale* v. *Tomlinson* (*c*), *Silk* v. *Osborn* (*d*), *Evans* v. *Brown* (*e*): and when the assignees do not interfere, and that is the present case, he may maintain *trover* for goods acquired between his bankruptcy and certificate, although he may be ultimately accountable to them. His title is good against all but his assignees. *Webber* v. *Fox* (*f*), *Fowler* v. *Down* (*g*). He cannot deny it, after having asserted it.

2. But it is not necessary that the present holder should have had the property so transferred to him, that he might recover against the drawer. Though the notes be illegally assigned, the indorser is liable on his indorsement. An indorsement is a new contract, equivalent to drawing a new note. It binds him though he has no right to make it, though the note be forged, though it be stolen, though the holder cannot sue the drawer, and although the legal owner may have a right to the possession of it against the actual one. *Slacum* v. *Pomery* (*h*), *Hill* v. *Lewis* (*i*), *Harry* v. *Perrit* (*k*), *Hodges* v. *Steward* (*l*), *Lambert* v. *Pack* (*m*), *Heylyn* v.

1814.

SPARHAWK
et al.
*v.*
BROOME.

| | | |
|---|---|---|
| (*a*) 3 *East* 317. | (*e*) 1 *Esp.* 107. | (*i*) 1 *Salk.* 132, |
| (*b*) 1 *Campb.* 45. | (*f*) 7 *D. & E* 391. | (*k*) 1 *Salk.* 133. |
| (*c*) 1 *Cook. B. L.* 462. | (*g*) 1 *Bos. & Pul.* 44. | (*l*) 1 *Salk.* 125. |
| (*d*) 1 *Esp.* 140. | (*h*) 6 *Cranch* 224. | (*m*) 1 *Salk.* 127. |

*Adamson* (*a*), *Smallwood* v. *Vernon* (*b*), *Ballingalls* v. *Gloster* (*c*), *Chitty*, 91. 107. 108., *Jossel* v. *Ames* (*d*), *Russel* v. *Langstaff* (*e*), *Hayley* v. *Lane* (*f*), *Critchlow* v. *Parry* (*g*).

*Binney* and *Hopkinson* contra. The question is not whether in some form the plaintiffs might not recover, but whether they can in this form, where they must come within the *allegata* of the declaration, namely, that by the defendant's indorsement and delivery, the plaintiffs became entitled to receive the amount of the notes from the drawers, and that upon their default, the defendant became liable. If the plaintiffs had no right to demand, the drawers were not in default, and the indorser as such not bound.

There is no difference between the act of congress and the *British* statute. More comprehensive terms cannot be used than descend, revert, or be *vested in.* The latter phrase implies every species of acquisition.

These notes were then under the general rule the property of his assignees. If they were not beneficially the property of the bankrupt, it is an exception which must be shewn by the plaintiffs; it cannot be presumed without converting the exception into the rule. They were the property of his assignees absolutely, being vested in them by the 50th section of the bankrupt law. The rule is, that an uncertificated bankrupt can acquire property only for the benefit of his creditors under the commission, except when the assignees preclude themselves from claiming, by permitting him to trade, *Everett* v. *Backhouse* (*h*), *Evans* v. *Mann* (*i*), *Troughton* v. *Gitley* (*k*); and no injury is done to the plaintiffs, because they were bound to know the defendant was a bankrupt, and could acquire and pass no property. *Hitchcox* v. *Sedgwick* (*l*), *Ex parte Proudfoot* (*m*). The cases in which he has been permitted to sue, because his assignees did not interfere, are where they have known of his acts, and permitted them. That is not the present case.

The notes being the property of his assignees, the in-

(*a*) 2 *Burr.* 674.
(*b*) 1 *Str.* 478.
(*c*) 3 *East* 482.
(*d*) 3 *Mass.* 274.
(*e*) *Doug.* 514.
(*f*) 2 *Atk.* 181.
(*g*) 2 *Campb.* 182.
(*h*) 10 *Ves.* 99.
(*i*) 1 *Cook. B. L.* 552
(*k*) *Ambler* 630.
(*l*) 2 *Vern.* 156.
(*m*) 1 *Atk.* 252.

dorsement was void, and there was no liability of the bankrupt upon it. In *Toms* v. *Mylton* (a), the bankrupt committed an act of bankruptcy in *January* 1724, and the petitioning creditor's debt was a note drawn in 1725. The commission was void. A simple contract before bankruptcy, is not extinguished by a bond given afterwards. *Ambrose* v. *Clendon* (b). The indorsement gives no remedy against the drawer, and therefore they cannot recover against the defendant on the drawer's default. *Pinkerton* v. *Adams* (c), is in point. The bankrupt indorsed an accepted bill before his certificate, and the acceptors were under the general issue permitted to object it against the holder. *Chitty* 94., *Smith* v. *Pickering* (d), is the same doctrine. *Barlow* v. *Bishop* (e), has a strong analogy. It was the case of a note made to a married woman, with intent that she should indorse it and save herself from suit; and it was held that nothing passed by her indorsement, because the note vested in her husband on delivery to her. This case is not one in which title does or does not pass to the assignees accordingly as they assent or dissent, but one in which it instantly vests in them, and the bankrupt has nothing to pass away. It is one in which the defendant's liability under the indorsement is derivative if at all; and yet the preceding parties are clearly not answerable to the holder, therefore the defendant is not derivatively liable. If the bankrupt has received value, he is liable in an action for money had and received.

TILGHMAN C. J. This is an action on two promissory notes, one dated 5th *February* 1803, for 1250 dollars drawn by *Andrew Hadfeg & Co.*, payable to the order of *Peter Lohra* ninety days after date, the other dated 9th *February* 1803, for 1250 dollars 50 cents, drawn by the same person, and payable to the order of the said *Lohra*, ninety days after date. They were both indorsed by *Lohra*, and by the defendant, who at the time of his indorsement, received full value from his indorsee. A commission of bankrupt under the law of the *United States*, was issued against the defendant the 7th *April* 1802, by virtue of which he was afterwards declared to be a bankrupt; but his certificate of discharge was not signed by the judge until the 4th *March* 1803. It is con-

1814.

SPARHAWK
et al.
*v.*
BROOME.

(a) 2 *Stra.* 744.
(b) 2 *Stra.* 1042.
(c) 2 *Esp. N. P.* 611.
(d) 1 *Cook. B. L.* 268.
(e) 1 *East* 432.

tended on the part of the defendant, that the notes being the property of his assignees, nothing passed by his indorsement, and therefore he is not responsible. In the mouth of a man who received value for his indorsement, this to be sure is a most ungracious defence. It is material that the assignees have never claimed these notes, nor do they take any interest in this action. Every possible intendment should therefore be made in favour of the plaintiffs. Whether the bankrupt or his assignees are entitled to property acquired by him after his bankruptcy, but before the signing of his certificate, is a point which has been fully argued. I incline to the opinion that the assignees are entitled to such property. It is enacted, in the 50th section of the act of congress, that " if any estate real or personal, shall descend, " revert to, or become vested in any person, after he or she " shall be declared a bankrupt, and before he or she shall " obtain a certificate signed by the judge as aforesaid, " all such estate shall by virtue of this act be vested in the " said commissioners, and shall be by them assigned &c." The words are sufficiently comprehensive, and as comprehensive I think as those of the *English statute* of 13 *Eliz. c. 7. sec.* 11, though somewhat different. But no property passes either under the statute or the act of congress, but such as the bankrupt has a beneficial interest in. Now what interest had the bankrupt in these notes at the moment before he indorsed them? As there is no evidence of his having applied any part of his estate, or paid any valuable consideration whatever for them, I shall suppose that they were drawn and indorsed for his accommodation, in order to enable him to raise money, in which case, neither he nor his assignees under the commision could have supported an action against the drawer or first indorser. This was decided in *Arden* v. *Watkins*, 3 *East* 317, where an uncertificated bankrupt drew a bill payable to himself, and endorsed it. It was held that the indorsee might maintain an action against the acceptor, because the bill did not vest in the assignees under the commission, no value having passed from the drawer to the acceptor. The case of *Pinkerton* v. *Adams* was cited from 2 *Esp. Rep.* 611, to shew that the indorsee of the bankrupt could not recover against the acceptor. But *Lord Ellenborough*, remarking on that case in *Arden* v. *Watkins*, says, that there " the bankrupt had a property in the

"bill before his bankruptcy." If so it would clearly pass under the commission. In this view of the case the law is with the plaintiff. But even if the property of the bill had been vested in the assignees, I am not satisfied that the plaintiff's action would have been barred. The defendant's counsel have laboured to shew the property to be in the assignees, taking for granted that if they succeeded, the plaintiffs' action was gone. But they have cited no case which comes up to their position. Justice is against it, and there is a strong principle in their way. It is not necessary that the indorser should have such a property in the note as would enable him to recover against the drawer. Every indorser stands as to his indorsee in the light of a new drawer. He is liable although the note be *forged*, and so would he be, I apprehend, if he had stolen it himself, by which he could acquire no legal property. It appears to me that a man who has received value for his endorsement, should be estopped from impeaching his own property. Whether the assignees under the commission might recover against the plaintiff in an action of trover for these notes, is another question. If they were accommodation notes, they could not. If they had been purchased by the bankrupt with money raised from his own estate and fraudulently concealed, perhaps they might; but that would not be at all inconsistent with the plaintiffs' recovery in this action. I am therefore of opinion that judgment should be entered for the plaintiffs.

YEATES J. I concur in the opinion which has been delivered by the Chief Justice. The contest here is not between the plaintiffs and the assignees, who are interested for the general creditors, but between the plaintiffs and the bankrupt himself, who has received value, who endeavours to avoid his liability as indorser of the notes, upon the ground of his having committed a fraudulent act.

As between the indorsee and the drawer of a promissory note, it is incumbent on the former to prove a full and complete right to the note; but the same is not necessary in a suit by the indorsee against the indorser; for as between them, it is an entire new contract, guaranteeing the payment of the note by the drawer, when it comes to maturity, and the handwriting of the indorser, and due notice of the nonpayment of the note, need only be proved. The decisions on

1814.

SPARHAWK
et al.
*v.*
BROOME.

the responsibility of indorsers of notes given by infants, or which even have been proved to be forged, furnish striking illustrations of the correctness of the principle.

It is wholly unnecessary to anticipate at this time, whether, if the bankrupt had a beneficial interest in these notes, his assignees might not recover from the plaintiffs in trover, or the amount of the monies hereafter received from the defendant. It is sufficient to say, that the liability of the defendant, not attaching until above two months after the date of his certificate of conformity, the debt could not be proved under the commission, nor was barred thereby. I am therefore of opinion, that judgment be entered for the plaintiffs.

BRACKENRIDGE J. concurred.

Judgment for plaintiffs.